IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

RHONDA ANN SULLINS, )
)
          Plaintiff, )
)
vs. )   Case No. 16-3161-CV-S-ODS
)
NANCY A. BERRYHILL,[1] )
Acting Commissioner of Social Security, )
)
          Defendant. )

ORDER AND OPINION AFFIRMING
COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her application for disability and disability benefits. For the following reasons, the Commissioner's decision is affirmed.

**I. STANDARD OF REVIEW**

The Court's review of the Commissioner's decision is limited to a determination whether the decision is "supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance but…enough that a reasonable mind would find it adequate to support the conclusion." *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015) (citations omitted). "As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). Though advantageous to the Commissioner, this standard also requires the Court consider evidence that fairly detracts from the final decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015) (citation omitted). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn A. Colvin as the Defendant in this suit.

## II. BACKGROUND

Plaintiff was born in 1972, and she completed the eighth grade. R. at 21, 33, 145. Plaintiff previously worked as an assembler, housekeeper/cleaner, and inspector. R. at 21, 41-47, 70-71. In 2013, Plaintiff applied for disability and disability insurance benefits, alleging a disability onset date of June 7, 2012. R. at 10, 148-55. Plaintiff's application was denied, and she requested a hearing. R. at 87-91, 94-95. A hearing was held before an administrative law judge ("ALJ") in July 2014. R. at 28-76.

On October 27, 2014, the ALJ issued his decision, finding Plaintiff was not disabled. R. at 10-23. The ALJ found Plaintiff had the following severe impairments: obesity, degenerative disc disease of the lumbar and thoracic spine, and neuropathy caused by vitamin B12 deficiency. R. at 13. The ALJ determined Plaintiff had the following residual functional capacity ("RFC"):

> [P]erform a range of sedentary work as defined in 20 CFR 404.1567(a) except that she is unable to climb ladders, ropes and scaffolds, but can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. She can occasionally push/pull and operate foot pedals with the lower extremities bilaterally. The claimant must have the ability to change positions between sitting and standing every 30 minutes at the workstation.

R. at 16. Based upon the RFC and the Vocational Expert's ("VE") testimony, the ALJ concluded Plaintiff could work as a telephone quotation clerk and table worker. R. at 22, 71-74. Plaintiff appealed the ALJ's decision to the Appeals Council, which denied her appeal. R. at 1-9. Plaintiff now appeals to this Court.

## III. DISCUSSION

Plaintiff argues the ALJ's decision must be reversed because (1) the ALJ failed to afford adequate weight to Plaintiff's treating physician's opinion, and (2) the ALJ's RFC determination was not supported by substantial evidence.

### A. Treating Physician's Opinion

Plaintiff claims the ALJ erred in affording little weight to the opinion of her treating physician, Karen Hopkins, M.D. Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). A treating physician's opinion may be disregarded if it is unsupported by clinical or other data or is contrary to the weight of the remaining evidence in the record. *See Anderson*, 696

2

F.3d at 793-94; *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2); *Anderson*, 696 F.3d at 793.

In February 2014, Dr. Hopkins stated in a progress note that Plaintiff "can't stand or sit for long periods which makes working difficult." R. at 20, 415. Plaintiff argues this statement reflects Dr. Hopkins's opinion about Plaintiff's "functional capacity," and the opinion should have been afforded controlling weight.

With respect to this statement in Dr. Hopkins's progress note, the ALJ found "[i]t is unclear whether [Dr. Hopkins] was documenting the claimant's subjective report or giving an opinion but if it was an opinion, the undersigned gives it little weight." R. at 20. The ALJ further noted Dr. Hopkins, who was Plaintiff's primary care physician, "referred the claimant to specialists, suggesting that her orthopedic, neurological and chronic pain conditions are outside of her area of expertise." *Id.* Additionally, Dr. Hopkins's opinion was "inconsistent with the preponderance of the objective evidence of record detailed above, including unremarkable imagings." *Id.*

The Court reviewed the record and finds substantial evidence supports the ALJ's decision to discount Dr. Hopkins's opinion. The Court also finds the ALJ provided good reasons explaining the weight she afforded Dr. Hopkins's opinion. First, it is unclear if the particular statement at issue was Dr. Hopkins's opinion about Plaintiff's functional capacity, or more likely, Dr. Hopkins's notation of what Plaintiff told her. Second, substantial evidence in the record does not corroborate Dr. Hopkins's statement. Third, Dr. Hopkins's statement is contrary to Plaintiff's testimony that she could have worked during her alleged period of disability if she had the option to sit and stand when needed. R. at 49. Furthermore, Plaintiff has not set forth how Dr. Hopkins's statement is inconsistent with the ALJ's RFC determination, which limited Plaintiff to perform a limited range of sedentary work with the ability to change positions every thirty minutes. For these reasons, the Court finds the ALJ properly afforded Dr. Hopkin's opinion little weight, and the Court affirms the ALJ's decision in this respect.

### B. Plaintiff's RFC

One's RFC is the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ must base the RFC on "all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own

description of his limitations." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Plaintiff contends the ALJ's RFC was not supported by substantial evidence.

In determining Plaintiff's RFC, the ALJ considered, among other things, Plaintiff's symptoms consistent with the objective medical evidence; the intensity, persistence, and limiting effects of Plaintiff's symptoms; inconsistencies in the record, which diminished Plaintiff's credibility; medical records from several physicians; and Plaintiff's daily living activities. R. at 16-21. The ALJ also considered the lack of work restrictions placed on Plaintiff by physicians during the alleged disability period; Plaintiff's minimal treatment for allegedly disabling symptoms; Plaintiff's failure to comply with conservative treatment recommendations; the objective findings in Plaintiff's medical records, which were inconsistent with her claim of total debilitation; and the lack of opinions from Plaintiff's other physicians indicating she is disabled or has greater limitations than those set forth in the RFC. R. at 17-20.

Here, the ALJ properly utilized the evidence in the record to support his determination of Plaintiff's RFC. Even without Dr. Hopkins's statement, the ALJ had sufficient evidence in the record to determine Plaintiff's RFC, and the ALJ cited the portions of the record he considered in reaching that determination. The Court finds substantial evidence in the record supports the ALJ's RFC determination.

## IV. CONCLUSION

The Court concludes there is substantial evidence in the record as a whole to support the ALJ's decision. The Commissioner's decision denying benefits is affirmed.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: June 26, 2017  UNITED STATES DISTRICT COURT

4